IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HILL | : | CIVIL ACTION |
| | : | NO. 09-05463 |
| and | : | |
| | : | |
| DAVID ELLIS | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |

O'NEILL, J.                                                                                                   DECEMBER 20, 2010

## MEMORANDUM

Plaintiffs George Hill and David Ellis filed an amended complaint alleging that defendant Southeastern Pennsylvania Transportation Authority had fired them on account of their race in violation of Title VII of the Civil Rights Act of 1964.[1] On November 3, 2010, Defendant filed a motion to dismiss on the grounds that plaintiffs' complaint contained "vague factual allegations" and "commingl[ed] multiple legal claims" in violation of Federal Rule of Civil Procedure 10(b). Defendant also moves for sanctions pursuant to 28 U.S.C. § 1927. Plaintiff has filed a response.[2] For the following reasons, I will deny both of defendant's motions.

---

[1] Plaintiffs filed their original complaint on November 16, 2009. The complaint alleged violations of Title VII and 42 U.S.C. § 1981. It also alleged that defendant intentionally inflicted emotional distress upon plaintiffs.
    On September 1, 2010, I dismissed with prejudice plaintiffs' section 1981 claim, their claim for intentional infliction of emotional distress and their claim for punitive damages. I also dismissed plaintiffs' Title VII claim but granted leave to amend. Plaintiffs filed an amended complaint on September 14, 2010.

[2] On November 24, 2010, having received no response from plaintiffs, I notified them that if they did not respond to the motion by December 8, 2010, I would grant defendant's motion as unopposed.

BACKGROUND[3]

Hill and Ellis, both African Americans, were hired by defendant in 1994. Am. Compl. ¶¶ 7, 13. Both were appointed "buildings painter first class" by October 1995. Id. at ¶¶ 7, 13. They each held that title until March 20, 2008 when they were terminated by defendant. Id. at ¶ 18. Their terminations, and the events leading up to them, give rise to this lawsuit.

On January 21, 2008, Joseph Rollo, a SEPTA supervisor, ordered plaintiffs to report to the Fern Rock Shop boiler room. Id. at ¶ 19. Rollo and Joseph Brennan, SEPTA's director of facilities, instructed plaintiffs that they were to use their paint sprayers to paint the boiler room. Id. at ¶ 21. When they arrived at the worksite, however, plaintiffs determined that the paint sprayers were inappropriate for such a project and that they had not been provided with the equipment and materials necessary to complete the job. Id. at ¶¶ 22-23. Rollo, apparently unpersuaded by plaintiffs' objections, ordered them to "spray the fucker." Id. at ¶ 24.

Plaintiffs were unable to complete the job before the close of business on January 21, 2008. Id. at ¶¶ 27-29. When they reported to the boiler room the next morning, they were met by Rollo who did not reprimand them about the condition of the room because he understood that the job had not yet been finished. Id. at ¶ 30. Nevertheless, approximately 30-45 minutes later, Rollo ordered plaintiffs to leave the Fern Rock Shop immediately and report to another job site. Id. at ¶ 32. They left without finishing the job or cleaning up the worksite. Id. at 33. Rollo and Brennan subsequently returned to the boiler room and photographed the condition in which plaintiffs had left it. Id. at ¶ 34. Plaintiffs were never ordered to return to the Fern Rock Shop.

---

[3]     In reciting the factual background of this case I accept as true all well-pleaded factual allegations in plaintiff's amended complaint. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009), setting forth post-Twombly standard of review.

Id. at ¶ 39.

As a result of plaintiffs' failure to complete the job at the Fern Rock Shop they were charged with five Authority Standard Rule violations. Id. at ¶ 18. On February 27, 2008, Brennan conducted an informal hearing on the charges and concluded that plaintiffs should be terminated. Id. at ¶ 41. Following a formal hearing on March 13, 2008, Brennan's decision was upheld. Id. at ¶¶ 42-43. Plaintiffs' labor union appealed Brennan's decision, but it was "upheld at all levels." Id. at ¶¶ 43-47. Plaintiffs assert that their terminations were based upon "false or ambiguous testimony, inconsistent statements, contradictory evidence and deliberate indifference to the ongoing violations of their Civil Rights." Id. at ¶ 46. Plaintiffs allege that on at least one other occasion SEPTA treated similarly situated white employees less harshly. Id. at ¶¶ 57-65.

## DISCUSSION

Rule 10(b) provides, in relevant part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Defendant argues that plaintiffs' complaint violates Rule 10(b) because it commingles two different claims. It asserts that as a result of the commingling it "is unable to ascertain whether Plaintiffs are asserting any claims under state law, the [Pennsylvania Human Relations Act], [section] 1981, constitutional claims and/or contractual claims." Def.'s Br. at 3.

Plaintiffs' complaint is not a model of clarity. For example, the caption of count 1 reads: "Count one against all defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. section 2000e as amended by the Civil Rights Act of 1991, 42 U.S.C.A. section 1981 and the Civil Rights Act of 1866, 42 U.S.C. section 1981." Am. Compl. at p. 5. Plaintiffs admit that, given my dismissal with prejudice of their section 1981 claims, any reference to section 1981 in

3

the amended complaint is inappropriate. Pls.' Br. at 6. They assert that such language, along with references to the Pennsylvania Human Relations Act, was mistakenly included in the amended complaint. Id. at 4-6.

I will decline to dismiss plaintiffs' complaint on the basis of their inartful pleading. It is clear that despite the references to section 1981 and the Pennsylvania Human Relations Act plaintiffs intend to pursue only their Title VII claim. See Buzzerd v. E. Pikeland Twp., No. 90-1675, 1990 WL 90109, at *3 (E.D. Pa. June 26, 1990) (refusing to dismiss complaint on the basis of inartful pleading where the "complaint clearly discloses the nature of the plaintiffs' grievances and the theory of the complaint."). The references, while unnecessary and inappropriate, are legally inconsequential. To require amendment would be a waste of time and resources.[4]

Defendant also argues that the allegations in the amended complaint are "vague, conclusory, and confusing" and that it "would be severely prejudiced if it has to defend against [them]." Defs.' Br. at 6. I disagree. As noted supra, plaintiffs' complaint is not completely clear in every respect. However, neither Rule 8 nor Rule 10 of the Federal Rules of Civil Procedure require complete clarity. They simply require that plaintiffs allege facts that show the claim is facially plausible. See Fowler, 578 F.3d at 210, quoting Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009). In order to make out a claim under Title VII, plaintiffs must allege that: (1) they were members of a protected class; (2) they were qualified for the positions they held; (3) they were subject to an adverse employment action despite being qualified; and (4) the adverse employment

---

[4] In the unlikely event that the inappropriate references in plaintiffs' amended complaint render defendant truly unable to respond to certain paragraphs, it may file a motion under Rule 12(f) to strike such paragraphs. See Buzzerd, 1990 WL 90109, at *3 ("If the defendants are 'unable to adequately respond' to the introductory paragraph they could move to strike the paragraph from the complaint under Fed. R. Civ. P. 12(f).").

action occurred under circumstances that gave rise to an inference of unlawful discrimination. Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). Plaintiffs have alleged facts that, when taken as true, establish each of these elements of their prima facie case. Therefore, I find that their complaint is not fatally vague, conclusory or confusing.[5]

Finally, defendant argues that, pursuant to 28 U.S.C. § 1927, it is entitled to costs and fees "as a result of plaintiffs' inclusion of a claim that has already been dismissed and [their] failure to follow [Rule 10(b)]." Def.'s Br. at 7. Section 1927 provides:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An award of attorney's fees is appropriate where the moving party can establish that the opposing party has: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." LaSalle Nat'l Bank v. First Conn. Holding Grp., LLC, 287 F.3d 279, 288 (3d Cir. 2002). Even assuming the remaining elements have been established, there is no evidence that plaintiffs have acted in bad faith. I will thus deny defendant's motion for sanctions.

## CONCLUSION

For these reasons, I will deny defendant's motion to dismiss and its motion for sanctions.

An appropriate Order follows.

---

[5] Indeed, the allegations in the amended complaint are nearly identical to the allegations in count I of the original complaint, which were clear enough to allow defendant to formulate its motion to dismiss.