N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HILL | : | CIVIL ACTION |
| | : | NO. 09-5463 |
| and | : | |
| | : | |
| DAVID ELLIS | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |

O'NEILL, J.                                                                                                   OCTOBER 11, 2011

MEMORANDUM AND ORDER

Plaintiffs in this employment discrimination action have served SEPTA with discovery requests seeking information concerning (1) the alleged former Director of Maintenance of SEPTA's Bus Division, David Monaghan, (2) SEPTA's compliance with the Pennsylvania Public Official and Employee Ethics Act, (3) SEPTA employees who have been charged with a crime over the last fifteen years and (4) a prior case in which SEPTA allegedly failed to produce certain documents. SEPTA objects to all of plaintiffs' discovery requests on the grounds that they do not seek information relevant to plaintiffs' race discrimination claims. Plaintiffs have now filed a motion to compel and for sanctions. SEPTA has responded and asked for attorney fees.

To prove that SEPTA racially discriminated against them, plaintiffs may present evidence that SEPTA treated other employees more favorably, but those employees must be "similarly situated persons not of [their] protected class." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). "[W]hether a factor is relevant for purposes of a similarly situated analysis must be

determined by the context of each case." Houston v. Easton Area Sch. Dist., 355 Fed. App'x 651, 654 (3d Cir. 2009). "In disciplinary cases or in the context of personnel actions . . . the relevant factors often include a 'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" Id., quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000). "The plaintiff is not required to show that he is identical to the comparator in each relevant factor, 'but he must show substantial similarity.'" Id., quoting Radue, 219 F.3d at 618.

    I will deny plaintiffs' motion to compel because plaintiffs have not demonstrated that they seek discoverable information. Specifically, plaintiffs do not explain how David Monaghan, employees covered by the Pennsylvania Public Official and Employee Ethics Act, SEPTA employees who committed a crime and employees involved in the prior suit against SEPTA are similarly situated.

    SEPTA requests an award of fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), which provides that when a motion to compel is denied the Court must award fees and costs to the party that opposed the motion unless "the motion was substantially justified or other circumstances make the award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). I find that plaintiffs' motion was substantially justified because the parties had a genuine dispute as to the scope of discovery.

    In opposing plaintiffs' motion, SEPTA implicitly acknowledges that plaintiffs could appropriately seek information concerning non-African-Americans who worked under Hill and Ellis's supervisor(s), were subject to SEPTA's Authority Standard Rules and engaged in conduct

similar to that of Hill and Ellis. I will therefore order plaintiffs to limit their discovery requests accordingly.

AND NOW, this 11th day of October, 2011, in consideration of plaintiffs' motion to compel and for sanctions and defendant's response and request for attorney fees, it is ORDERED that:

1)   Plaintiffs' motion to compel and for sanctions is DENIED;

2)   Defendant's request for attorney fees is DENIED; and

3)   Plaintiffs may serve defendant with revised discovery requests seeking information concerning non-African-Americans who worked under plaintiffs' supervisor(s), were subject to SEPTA's Authority Standard Rules and engaged in conduct similar to that of plaintiffs. Plaintiffs shall submit any such requests on or before Tuesday, October 25, 2011.

4)   Defendant shall respond to plaintiffs' revised discovery requests on or before Tuesday, November 8, 2011.

5)   The parties shall agree upon a revised discovery schedule and submit same to Court on or before Tuesday, November 8, 2011.

                                                      *s/Thomas N. O'Neill, Jr.*
                                                       THOMAS N. O'NEILL, JR., J.