IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HILL | : | CIVIL ACTION |
| | : | NO.  09-5463 |
| and | : | |
| | : | |
| DAVID ELLIS | : | |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN PENNSYLVANIA | : | |
| TRANSPORTATION AUTHORITY | : | |

O'NEILL, J.                                                                              FEBRUARY 28, 2012

## MEMORANDUM

Plaintiffs George Hill and David Ellis assert against defendant SEPTA claims of discriminatory termination in violation of Title VII of the Civil Rights Act of 1964. Additionally, Ellis asserts a claim for breach of contract.  Now before me are SEPTA's and Ellis's motions in limine and their responses thereto.  For the reasons that follow, I will grant in part and deny in part SEPTA's motion.  I will grant in part Ellis's motion and reserve judgment on the remainder.

I.       SEPTA's Motion to Exclude Testimony Concerning Joseph Rollo

Plaintiffs' claims stem from painting work they performed on January 21, 2008. Plaintiffs allege that they followed the orders of their supervisor, Joseph Rollo, and used spray painters to carry out their assignment.  According to plaintiffs, Rollo ordered them report to another work site the following day, even though the project they began on January 21 was not yet completed.  Plaintiffs allege that while they were away at the other site, Rollo filed a false report accusing them of damaging SEPTA property in the course of their work on January 21.

This report ultimately led to plaintiffs' termination.

"To establish a prima facie claim for discriminatory termination, an employee must offer sufficient evidence that: (1) he was a member of the protected class, (2) he qualified for the position he sought, (3) he was fired, and (4) nonmembers of the protected class were treated more favorably." Verdin v. Weeks Marine Inc., 124 Fed. App'x 92, 95 (3d Cir. 2005). "Once a plaintiff under Title VII establishes a prima facie case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision." Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 319 (3d Cir. 2000). "If the employer is able to proffer a legitimate, nondiscriminatory reason for its actions, the plaintiff must demonstrate that the proffered reason was merely a pretext for unlawful discrimination." Id.

Plaintiffs, both African-Americans, allege that SEPTA discriminated against them on the basis of race. SEPTA, on the other hand, maintains that it fired plaintiffs because they botched the January 21 painting assignment and caused extensive damage to SEPTA property. To prove that SEPTA's proffered reason is pretextual, plaintiffs seek to offer the testimony of other SEPTA employees as evidence that Rollo made racially derogatory statements in the past. "Evidence of an employer's conduct towards other employees has long been held relevant and admissible to show that an employer's proffered justification is pretext." Ansell v. Green Acres Contracting Co., 347 F.3d 515, 521 (3d Cir. 2003). Specifically, a plaintiff may introduce evidence "that the employer has discriminated against other members of his protected class or other protected categories of persons." Id. Although Federal Rule of Evidence 404 prohibits the admission of evidence of prior acts "to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b), evidence of prior discriminatory acts is admissible

2

"in the employment discrimination context for the proper purpose of establishing or negating discriminatory intent."  Ansell, 347 F.3d at 521.

Additionally, a supervisor need not have the ultimate authority to discharge an employee for his prior acts of discrimination to be relevant.  See Roebuck v. Drexel Univ., 852 F.2d 715, 727 (3d Cir. 1988) (noting that "it plainly is permissible for a jury to conclude that an evaluation at any level, if based on discrimination, influenced the decisionmaking process and thus allowed discrimination to infect the ultimate decision").

There are, however, limitations to the admissibility of other discriminatory acts.  "There is a point at which a prior . . . act becomes so remote in time from the alleged discriminatory act at issue, that the former cannot, as a matter of law, be relevant to intent."  Ansell, 347 F.3d at 524.  If a prior act is so distant that it is irrelevant, I must exclude evidence of the act under Federal Rule of Evidence 402.  Alternatively, an earlier discriminatory act might be remote enough that its probative value is substantially outweighed by the danger that it will cause unfair prejudice, meriting exclusion under Federal Rule of Evidence 403.  See Stair v. Lehigh Valley Carpenters Local Union No. 600 of the United Bhd. of Carpenters & Joiners of Am., 813 F. Supp. 1116, 1120 (E.D. Pa. 1993).  Although there is "no bright line rule for determining when evidence is too remote to be relevant," Ansell, 347 F.3d at 525, this Court has excluded evidence of harassment that took place four years before the alleged discrimination at issue.  See Stair, 813 F. Supp. at 1120.

Before I address individually the witnesses whose testimony SEPTA seeks to exclude, I will reject at the outset a common argument SEPTA makes with respect to each witness.  SEPTA avers that I should exclude the entire testimony of Darlene Godwin, Denise Greene, Bobby

3

Davis, Reginald Goldston and Carlos Ortiz because plaintiffs failed to disclose these individuals

as witnesses pursuant to Federal Rule of Civil Procedure 26(a) and (e).  Rule 37(c) prohibits a

party from using a witness that the party fails to disclose under Rule 26, unless the failure to

disclose is "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  It is true that

plaintiffs did not mention these individuals in their initial disclosures.  See Dkt. No. 65-2 at 2-3.

But each of these witnesses has since been deposed and counsel for SEPTA was present at each

deposition.  I therefore find that SEPTA has not been prejudiced by plaintiffs' failure to mention

these individuals in their initial disclosures.  Accordingly, I deem plaintiffs' non-disclosure

harmless and reject SEPTA's effort to exclude these witnesses on the basis of Rules 26 and 37.

      A.     Darlene Godwin

          1.     Prior Remarks by Rollo

SEPTA seeks to exclude testimony by SEPTA employee Darlene Godwin that Rollo used

a "racially charged term" with respect to another African American in October 2009,

approximately a year and a half after plaintiffs were fired.  Dkt. No. 65-1 at 11.  None of

SEPTA's arguments against admitting Godwin's testimony, however, are availing.  First, SEPTA

argues that the testimony should be excluded as irrelevant because Rollo "was not involved in the

decision to terminate Plaintiffs' employment."  Id.  According to plaintiffs, however, Rollo

reported to his superiors that plaintiffs damaged SEPTA property.  If true, Rollo "influenced the

decisionmaking process," Roebuck, 852 F.2d at 727, and his discriminatory intent is relevant to

plaintiffs' claims.

Second, SEPTA argues that Rollo's comments are too remote because they took place a

year and seven months after SEPTA fired plaintiffs.  I disagree.  Rollo's conduct a year and

4

seven months after plaintiffs lost their jobs is not so far removed that it is irrelevant.  See Ansell, 347 F.3d at 525 (affirming district court's admission of evidence concerning conduct that took place two years after the termination of plaintiff's employment)  Additionally, even though Rollo made the alleged remarks after plaintiffs' termination, they still have probative value.  See id. at 524 (noting that subsequent acts might be less probative of intent than prior ones, but that subsequent acts "may still be relevant to intent").  This probative value is not so outweighed by risk of unfair prejudice or jury confusion that Godwin's testimony regarding the remarks should be excluded under Rule 403.

Third, SEPTA avers that Rollo's comments are irrelevant because he was not referring to plaintiffs when he made them.  But remarks suggesting Rollo was prejudiced against African Americans are plainly relevant to whether Rollo discriminated against plaintiffs on the basis of race.

Fourth, SEPTA argues that Godwin's testimony amounts to inadmissible character evidence under Rule 404.  That rule, however, expressly allows admission of other acts for the purpose of proving intent.  See Fed. R. Evid. 404(b).  As I previously noted, the Court of Appeals has made it clear that other acts are admissible in employment discrimination cases for the purpose of proving discriminatory intent.  See Ansell, 347 F.3d at 521.

For these reasons, I will deny SEPTA's motion to exclude Godwin's testimony regarding Rollo's racially derogatory comments in October 2009.

2.      Godwin's Opinion of Rollo

SEPTA also seeks to prevent Godwin from testifying as to her opinion that Rollo is racially prejudiced.  Federal Rule of Evidence 701 permits a lay witness to testify in the form of

an opinion if the witness's opinion is "(a) rationally based on the perception of the witness, [and] (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701. Plaintiffs do not attempt to explain how Godwin's opinion of Rollo is relevant to this case. Accordingly, I will grant SEPTA's motion to exclude Godwin's opinion that Rollo is racially prejudiced.

      B.    Denise Greene

SEPTA moves to exclude testimony by SEPTA employee Denise Greene that Rollo called her a "black bitch" in 1996 or 1997. SEPTA argues, inter alia, that Rollo's remarks toward Greene happened too long ago to be relevant to the case at hand. I conclude that the probative value of Rollo's remarks, which occurred more than ten years before plaintiffs' termination, is substantially outweighed by the danger that they will cause unfair prejudice. I will therefore grant SEPTA's motion with respect to Greene's testimony concerning Rollo's statements from 1996 or 1997. Greene may, however, testify to the extent that she can provide relevant and admissible testimony.

      C.    Bobby Davis

SEPTA moves to exclude testimony by SEPTA employee Bobby Davis that an unidentified SEPTA employee told him that Rollo called Denise Greene a "black bitch." SEPTA also seeks to prevent Davis from testifying that unnamed colleagues told him that Rollo referred to Davis and other African-American SEPTA employees as "monkeys." To the extent plaintiffs offer this testimony to establish that Rollo in fact made these remarks, the statements by the unnamed individuals are hearsay. See Fed. R. Evid. 801(c). Plaintiffs offer no argument as to why I should nonetheless admit these hearsay statements. I will therefore grant SEPTA's motion

with respect to Davis's hearsay testimony. Davis may, however, testify to the extent that he can provide relevant and admissible testimony.

      D.     Reginald Goldston

SEPTA seeks to prevent SEPTA employee Reginald Goldston from testifying that a SEPTA employee named Calvin told Goldston that Darlene Godwin told Calvin that Rollo used a racial epithet. To the extent plaintiffs offer this testimony to establish that Rollo in fact used this epithet, the statements by the Calvin and Godwin are hearsay. See Fed. R. Evid. 801(c). Plaintiffs offer no explanation as to why I should nonetheless admit these hearsay statements and I will therefore exclude them.

Additionally, SEPTA moves to exclude Goldston's testimony that a SEPTA employee named "Nina" told Goldston that Rollo harassed her in ways that have nothing to do with race. I will exclude this testimony because it is inadmissible hearsay and irrelevant. SEPTA also asks me to exclude any evidence relating to "Nina." I will deny this portion of SEPTA's motion because it is not apparent how plaintiffs might offer such evidence; a blanket exclusion at this point is premature.

      E.     Carlos Ortiz

SEPTA moves to exclude testimony by SEPTA employee Carlos Ortiz that he heard Rollo make a derogatory remark about Puerto Ricans sometime in 2006 or 2007. Given that Rollo reported plaintiffs' alleged misconduct in January, 2008, Rollo's remarks occurred no more than two years prior to Rollo's alleged discrimination against plaintiffs. I find that this is incident is recent enough to be relevant and that its relevance is not substantially outweighed by the risk that the evidence will cause unfair prejudice. Additionally, Ortiz's testimony is relevant

even though Rollo's purported remarks concern a minority group other than African Americans. A plaintiff may introduce evidence "that the employer has discriminated against other members of his protected class or other protected categories of persons." Ansell, 347 F.3d at 521. Accordingly, I will deny SEPTA's motion with respect to Ortiz's testimony concerning Rollo's remarks about Puerto Ricans in 2006 or 2007.

SEPTA also seeks to prevent Ortiz from testifying that he heard Rollo make a derogatory remark about African Americans at some unidentified time. If Ortiz cannot recall when he heard Rollo make this remark, plaintiffs cannot establish that the remark was proximate enough to their termination to be relevant. I will therefore grant this portion of SEPTA's motion.

II.     SEPTA's Motion to Exclude Testimony Regarding John Biedrzycki and Joseph Donohue

SEPTA also seeks to exclude evidence concerning John Biedrzycki and Joseph Donohue, two white SEPTA employees who violated SEPTA rules in 2001 and were suspended but not fired. Plaintiffs may prove racial discrimination by presenting evidence that SEPTA treated other employees more favorably, but those employees must be "similarly situated persons not of [their] protected class." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994). "[W]hether a factor is relevant for purposes of a similarly situated analysis must be determined by the context of each case." Houston v. Easton Area Sch. Dist., 355 Fed. App'x 651, 654 (3d Cir. 2009). "In disciplinary cases or in the context of personnel actions . . . the relevant factors often include a 'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" Id., quoting Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000). "The plaintiff is

8

not required to show that he is identical to the comparator in each relevant factor, 'but he must show substantial similarity.'"  Id., quoting Radue, 219 F.3d at 618.

SEPTA does not attempt to show that Biedrzycki and Donahue were subject to different standards compared to plaintiffs or had different supervisors.  Instead, SEPTA argues that plaintiffs are not sufficiently similar to Biedrzycki and Donahue because plaintiffs were charged with different offenses.  According to SEPTA, Biedrzycki and Donahue were charged with "Being Away From Assigned Work Areas and Creating a Dangerous Situation," whereas plaintiffs were charged with "Violation of Safety Requirements, Vandalism, Tampering, Insubordination" and with misconduct with respect to "Work Areas and Operating Compartments."  Dkt. No. 65-1 at 17.  SEPTA maintains Biedrzycki and Donahue's misconduct was accidental, whereas plaintiffs' was intentional.  But SEPTA cites to no support for the proposition that "being away from assigned work areas and creating a dangerous situation" is "accidental"  Additionally, SEPTA argues that Biedrzycki and Donahue caused only "minimal" damage, whereas plaintiffs caused "extensive" damage.  Id. at 18.  Even this assertion is true, it is not apparent that plaintiffs' alleged misconduct is more serious, since Biedrzycki and Donahue were accused of "creating a dangerous situation," whereas plaintiffs' alleged misconduct did not appear to create a risk of harm to anyone else.  Accordingly, it is not clear that the alleged infractions at issue are so dissimilar that I should exclude evidence of Biedrzycki and Donahue's misconduct.  I will therefore deny SEPTA's motion to exclude the testimony of Biedrzycki and Donahue.

III.    SEPTA's Motion to Exclude Testimony of Jeffrey Brooks

SEPTA seeks to exclude the testimony of Jeffrey Brooks, the former president of the

union to which plaintiffs belonged when they worked for SEPTA.  SEPTA argues that Brooks's testimony is irrelevant because he was not involved in plaintiffs' termination or in plaintiffs' subsequent grievance.  Plaintiffs do not attempt to explain how Brooks' testimony is relevant.  Accordingly, I will grant SEPTA's motion with respect to Brooks.

IV.     Ellis's Motion to Exclude Evidence of Arbitration and Unemployment Benefits

Ellis moves to exclude evidence relating to a decision of the Unemployment Compensation Board of Review that Ellis is ineligible for benefits.  SEPTA does not contest this portion of Ellis's motion and I will grant it.  Ellis also seeks to exclude evidence relating to an arbitration panel's determination that SEPTA had just cause to terminate Ellis's employment.  Unfortunately, neither party has supplied a copy of the arbitration decision.  I will not grant this portion of Ellis's motion without having seen the evidence in question.

I will, however, reject one of SEPTA's arguments for admitting the arbitration decision.  SEPTA avers that the evidence is not hearsay because it will be used to prove SEPTA's legitimate, non-discriminatory intent in terminating plaintiffs' employment.  But the arbitration panel's decision followed SEPTA's decision to terminate plaintiffs.  I fail to see how the arbitration evidence is relevant to SEPTA's reasons for firing plaintiffs.  See Jones v. Cargill, Inc., 490 F. Supp. 2d 989, 991 (N.D. Iowa 2007) (noting that "arbitration occurred after Defendant terminated Plaintiff; evidence of the outcome of the arbitrator's decision, therefore, does not independently bolster Defendant's claim that it had a lawful reason for Plaintiff's discharge") (emphasis in original).  I will not allow SEPTA to introduce the arbitration evidence to establish its intent.  If SEPTA seeks to introduce the evidence for some other purpose at trial, I will entertain the parties' arguments as to admissibility at that time.

10

An appropriate Order follows.